# THE PEOPLE *a*. CANCEMI.

*Supreme Court, First District; Special Term, December,* 1857.

CAPITAL CONVICTION.—WRIT OF ERROR.—STAY OF PROCEEDINGS.

A writ of error to bring the proceedings resulting in a capital conviction before the Supreme Court and Court of Appeals for review, issues (under *Laws of* 1855, 613) as matter of right; and the prisoner is also entitled as of right to a stay of proceedings accompanying the writ.

Application for a writ of error, together with a stay of proceedings.

The prisoner, Michael Cancemi, was convicted at the Circuit of the crime of murder; and sentence was afterwards pronounced upon the conviction, by the court at general term. The prisoner now applied for a writ of error and stay of proceedings thereupon.

Messrs. *Blankman* and *Ashmead,* for the application.

Roosevelt, J.—Cancemi, the prisoner, was convicted of murder, not at a Court of Oyer and Terminer, but at a Circuit. He was sentenced, not by the Circuit, but by a general term of the Supreme Court. His counsel allege various supposed errors in the proceedings, trial, and sentence,—some of them of a grave and novel character, and on which the judges at the general term were divided in opinion. He now asks that the execution of his sentence may be stayed for a few days, and that he may be allowed to carry his case to the Court of Appeals. This can only be done, it is supposed, on the fiat of a judge of the Supreme Court, and which the judge may grant or withhold, according to circumstances.

Such undoubtedly was the law, in capital cases, prior to 1855. The subject of the death penalty, however, had undergone much discussion. Its humanity as well as its expediency had been vehemently attacked, and as vehemently defended. In some States a repeal had been the result. In this State the Legislature adopted a compromise measure. They gave to prisoners sentenced to death the privilege of appealing from the Oyer and Terminer, including of course the Circuit as its substitute, to the Supreme Court, meaning the general term, and from the Supreme Court to the Court of Appeals; and, as a further safeguard against the possible mistakes of jurors as well as judges, they expressly authorized " the appellate court to order a new trial if it should be satisfied that the verdict (against the prisoner) was against the weight of evidence or against law; or that justice required a new trial, whether any exception should have been taken or not in the court below" (*Laws of* 1855, 613). The language of other parts of the act, although liable to some technical criticism, is equally strong. " Every conviction for a

capital offence, &c., shall be brought before the Supreme Court and Court of Appeals, &c., by a writ of error, with a stay of proceedings as a matter of right." Under this statute, as it seems to me, no discretion is left to the judge. He is absolutely bound, when applied to by any person convicted of a capital crime, to issue the writ and stay the execution. Of what avail would the writ be, if the prisoner could be hung before his appeal could be heard? To say that he shall have an appeal as matter of right, and at the same time allow his life to be taken before he can reach the appellate court, would be a mere mockery. How can a man be heard when dead? and how can a man's conviction for an alleged offence be reviewed on appeal without a hearing? Delay and uncertainty in the punishment of great crimes no doubt encourage their perpetration. On the other hand, the judicial taking of human life is, and ought to be, a matter of deep solemnity. To weigh these opposing considerations was the province of the Legislature. The Legislature have said there "shall be" an appeal—it is not for the judge to say there shall not.

In the present case neither the writ of error nor the stay accompanying it is likely to be attended with any evil. The sentence, by its terms, is not to be carried out till the 15th of January; the appellate court will assemble ten days before that time. A review can therefore be had and a final decision obtained in the interval of suspension already provided for. The stay, therefore, which is applied for, will only be operative in the event of unforeseen casualty.

Writ of error allowed, with a stay of proceedings till the Court of Appeals shall otherwise order.

It is proper I should say that this disposition of the matter is made with the full concurrence of the presiding justice who heard the arguments at the general term.